IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAKETA S. JOLLY,  :  |  |
|     Plaintiff,  : |  |
| : |  |
| v.  : | CIVIL ACTION NO. 19-CV-2208 |
| : |  |
| VERMONT BOARD OF NURSING  : |  |
| PHYLLIS MITCHEL, *et al.*,  : |  |
|     Defendants.  : |  |

## **MEMORANDUM**

**SLOMSKY, J.**                                                                                                        May 24, 2019

    *Pro se* Plaintiff Maketa S. Jolly has filed a handwritten Complaint for Violation of Civil Rights using this Court's standard form. She has also appended a lengthy typed Complaint. She asserts she is located in Aston, Pennsylvania. Named as Defendants on the handwritten form are "State of Vermont Board of Nursing Phyllis Mitchell," the "State of New Jersey Board of Nursing Joanne Leone," and "Excelsior College Mary Lee Pound Dean of Nursing." (ECF No. 2 at 3-4.) She states on the form that each Defendant is sued in their official capacity.[1] (*Id.*) The

---

[1] It is not entirely clear from her handwritten form Complaint whether Jolly seeks to separately name the State of Vermont Board of Nursing **and** Phyllis Mitchell, and the State of New Jersey Board of Nursing **and** Joanne Leone, or whether, since she is suing the Defendants in their official capacities, she has recited the names of the entities with which each is associated merely to describe the individuals' roles in the lawsuit. As set forth below, since claims against state agencies and state officials sued in their official capacities are each considered claims against the state itself, the lack of clarity is not material. Since the Court determines that this case must be transferred because venue is not appropriate in this District, the question of whether the claim against "Excelsior College Mary Lee Pound Dean of Nursing" indicates that Jolly seeks to sue one Defendant or two Defendants is properly left to be determined by the transferee Court.

typewritten Complaint names as Defendants the State of Vermont, the State of New Jersey and Excelsior College.  (*Id.* at 13.)  Jolly also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant leave to proceed *in forma pauperis*.  The Court will also dismiss the State of Vermont and the State of New Jersey with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the official capacity claims against Defendants Mitchell and Leone, and transfer the remaining claims in the case against Defendants Excelsior College and Pound to the Northern District of New York since venue for those claims is not appropriate in this District.

**I.     FACTS**

Jolly's handwritten Complaint is not entirely clear.  She alleges that she is a professional nurse and teacher.  On or about March 2018, she applied for "RN-NCLex by examination."  (ECF No. 2 at page 5.)  She asserts that "Vermont did not accept transcripts and violated their [sic] own admin rules.  Conspired & NJ Board & Excelsior College." (*Id.*)  She further asserts that the "NJ Board published and punished Ms. Jolly 5/6 months after licensure return, in what is believed on behalf of Excelsior College. . . . [Excelsior's] Mary Lee Pound publish sensitive client-attorney info." (*Id.* at 5-6.)  She claims that Pound defamed her "secondary to class-action lawsuit,"[2] "released personal documentation for publishing on world wide web," "falsified record to include documents for Excelsior 6 mo. after [undecipherable] return," and "defamed Ms. Jolly telling boards, [undecipherable] letters misrep-[undecipherable]."  The Court interprets

---

[2] A review of public records indicates that Jolly was one of the named plaintiffs in a consumer fraud class action lawsuit brought against Excelsior College.  *See Wittenberg v. Excelsior College,* Civ. A. No. 14-1048 (E.D.N.Y.)

these allegations to mean that Pound retaliated against Jolly's filing a class action against Excelsior College by conspiring with others to interfere with her ability to attain a nursing license in either Vermont or New Jersey.

Jolly's typed Complaint is far lengthier, but also difficult to understand. Jolly alleges that the Vermont Board of Nursing offers an "alternative program" for nurses and nursing assistants to gain licensure through an online application by examination. (*Id.* at 25.) She attempted to use this process but apparently some damaging information was released to or by the New Jersey Board of Nursing. (*Id.* at 28.) She claims she satisfied Vermont's requirements. (*Id.* at 29.) She appears to claim that Vermont failed to follow its own regulations regarding licensure under the program. (*Id.* at 30.)

Jolly also alleges that the University of Vermont partnered with Excelsior College to allow for transfer of credits and other benefits. However, she claims that Excelsior has acknowledged that its graduates will not be able to sit for the nursing examination in Vermont because Vermont requires 400 clinical hours while Excelsior offers only a two and one-half day hospital visit. (*Id.* at 31.)

Jolly asserts that New Jersey conducted an internal investigation of her license in July 2018. (*Id.* at 33.) She appears to assert that Pound was improperly involved in his investigation, leading to findings against her by New Jersey of misrepresentation, fraud and deceit. (*Id.*) She also alleges that attorney-client privileged information was disclosed by New Jersey. (*Id.* at 34.) She contends that the Vermont Board of Nursing, Excelsior College and New Jersey conspired to destroy, malign and irrevocable harm her. (*Id.*) She asserts claims for violation of the Privacy Rights Act, Public Records Act, and the disclosure of personal information (Claim I), violation of 18 U.S.C. § 242 (Claim II), conspiracy (Claim III), violation of Title VII (Claims IV and VI),

and violation of attorney-client privilege (Claim V).  She requests as relief that the Court "Declare that Section 2(a) of the Act violates the First and Fourteenth Amendments,"[3] enjoin Defendants from "encroaching, invading or releasing documents,"[4] and award compensatory damages of $1 million, punitive damages of $6 million, and costs and attorney fees. (*Id.* at 64.)

## II.   STANDARD OF REVIEW

Because Jolly appears to be unable to pay the filing fee for this matter, the Court grants her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, requiring the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184

---

[3] Jolly cites numerous federal, Vermont, New Jersey, and Pennsylvania statutes in her pleading.  Most of the statutes cited do not provide a private right of action.  Further, it is completely unclear to what "Section 2(a) of the Act" refers.  Accordingly, the Court construes her Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983.

[4] Jolly also includes a section in her Complaint entitled "Declarative Injunction/Preliminary and Permanent Injunctions. (*Id.* at 55-63.)  Although she cites numerous statutes, case citations and case quotations, nowhere in these pages does she actually ask for injunctive relief or state what acts she seeks to have enjoined.  Because Jolly's allegations do not provide enough factual information or context to move forward on a plausible claim for declaratory and injunctive relief, those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Jolly will be granted leave to reassert her claims for prospective injunctive and declaratory relief in a court where venue is appropriate.

F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Jolly is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

### A. Claims Against Vermont, New Jersey, and the Official Capacity Claims Against the Vermont and New Jersey Officials

The claims for money damages Jolly seeks to assert against the State of Vermont, the State of New Jersey, their agencies, and their officials in their official capacities, may not proceed.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As neither the State of New Jersey nor the State of Vermont has waived its Eleventh Amendment immunity for lawsuits filed in federal court, both States, their departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. *See, e.g., Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (citing *Ritchie v. Cahall*, 386 F. Supp. 1207, 1209-10 (D.N.J. 1974) for the proposition that New Jersey did not waive its immunity from suit in federal court by enacting the New Jersey Tort Claims Act); *see*

5

12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not specifically waived).

### B. Venue for Jolly's Remaining Claims

Venue in this District does not lie over Jolly's remaining claims. 28 U.S.C. § 1391(b) defines where venue is proper, providing that an action should be brought in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no judicial district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of residency, natural persons are deemed to reside in the district where they maintain their domicile, and an entity defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c).

Construing Jolly's allegations liberally, it is clear that there is no basis for venue in the Eastern District of Pennsylvania. No Defendant is alleged to reside in this District and it does not appear that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. It is also questionable whether any Defendant is subject to this Court's personal jurisdiction. Therefore, it appears evident from Jolly's Complaint that venue over this matter lies elsewhere. Liberally construed, it appears that the bulk of the allegations concerning her remaining claims involve the actions of Defendants Excelsior College and Pound that occurred in Albany, New York, the location of Excelsior College. Albany County, New York is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Since the incident complained of occurred in Albany, New York, and Defendants are not residents of Pennsylvania, venue for

6

Jolly's remaining claims is appropriate in the Northern District of New York, not in the Eastern District of Pennsylvania.

When it appears that a case has been brought in the wrong venue, there are two remedies available to the court. The court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer the case to another District where venue is proper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1406 . . . applies where the original venue is improper and provides for either transfer or dismissal of the case."). Under § 1406(a), a district court has broad discretion to transfer a case *sua sponte* to a court of proper jurisdiction when such a transfer is in the interest of justice. *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir.1987) (ruling that a district court did not abuse its discretion in failing to order sua sponte a transfer under § 1406); *see also Wright v. Pennsylvania Dept't of Corr.*, Civ. A. No. 14-1678, 2015 WL 401685, *2 (W.D. Pa. Jan. 28, 2015) )"A District Court is granted discretion to *sua sponte* transfer cases by 28 U.S.C. § 1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [or to any district or division to which all parties have consented.]'") (citations omitted); *Bent Glass Design v. Scienstry, Inc.*, Civ. A. No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014) ("[W]hile venue is initially reliant on a plaintiff's preference as reflected in the pleadings, a district court may upon motion or *sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses."); *Jolly v. Faucett*, Civ. A. No. 06-3286, 2007 WL 137833, at *2 (E.D. Pa. Jan. 16, 2007) ("[T]he Court's independent analysis reveals that venue is

7

not proper in this District, and thus transfer is warranted under section 1406(a). . . ."); *QRG, Ltd. v. Nartron Corp.*, Civ. A. No. 06-500, 2006 WL 2583626, at *3 (W.D. Pa. Sept. 7, 2006) ("The parties do not raise the issue of venue, but I raise it *sua sponte*, since venue is not proper in this district."). The Court finds in the interest of justice that the remaining claims should be transferred to the Northern District of New York.

## IV.    CONCLUSION

Jolly's claims for money damages against the State of New Jersey, the State of Vermont, their agencies, and their state officials sued in their official capacities, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since Jolly cannot cure the defects in those claims and any amendment would be futile, the dismissal will be with prejudice. Her claims for prospective injunctive and declaratory relief are dismissed without prejudice and with leave granted to Jolly to reassert those claims in a court where venue is appropriate. Because Jolly's choice of venue in this District is clearly improper, the undismissed claims remaining in this action will be transferred to the Northern District of New York. An appropriate Order follows.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.