

*1:19-CV-1317*

IN AND FOR THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT
ALBANY, NEW YORK

Maketa S Jolly Pro Se                    MOTION FOR DECLARATORY  JUDGMENT
"Plaintiff"                                          DEMAND FOR TRIAL JURY

     V COMPLAINT

Excelsior College et. al
"Defendant"

## PLAINTIFF MOTION FOR DECLARATORY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, "Plaintiff" Maketa S. Jolly; move for Declaratory Judgment and Injunction against Excelsior College, pursuant to Federal Rule(s) of Civil Procedure 57(c)  28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. In support of this motion, Plaintiff respectfully refers the court to the attached memorandum.

**SUMMARY OF CLAIMS:** VIOLATIONS OF VARIOUS  "TORT" ACTIONS; U.S.C 18 U.S. Code § 249 – FAMILY EDUCATION RIGHTS & PRIVACY ACT "FERPA"PATTERN & PRACTICE finally DEFAMATION.

Plaintiff Maketa S Jolly ("Plaintiff"), on behalf of herself  alleges the following:
Article I, Section 1 of the Pennsylvania Constitution designates the right to reputation as an inherent and indefeasible right: 28 U.S. Code § 4101 The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to someone's reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

## A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief is also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq. Where education discrimination based upon race is alleged, jurisdiction is conferred by 28 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

## SUMMARY OF ARGUMENT

(A) Declaratoy Judgment is entitled to the plaintiff because the defendant has a pattern and practice of discrimination against minorities as per se violations of federal statutes to include civil rights violations. Excelsior College and its assigned officers and staff participated in implicit racial bias toward the plaintiff on August 15, 2018 and numerous times there after.

(B) One two separate occasions Excelsior College was sued for falsification of educational facts and diversity in New York's Southern District. At which time, Mary Lee Pollard, an Excelsior representative learned of my participation in the above mentioned class action lawsuit. On or about August 15, 2018 Mary Lee Pollard scribed a letter(s) to the various state boards of nursing stating that I was misrepresenting myself as an Excelsior College graduate. Mrs. Pollard's letter ensued after learning of my application for NCLEX-RN examination in Vermont. Knowing this, she notified and contacted New Jersey Board of Nursing where she knowingly/without my written or expressed consent released my education transcript to state boards in which I did not apply.

(C) Furthermore, Mrs. Pollard and et al; provided information to New Jersey Board of Nursing to be added into a provisional order of discipline against me; predicated upon facts provided by Mary Lee Pollard; in which,Mrs. Leone New

Jersey Executive Director of New Jersey of Nursing through the expressed wishes and content provided by Mrs. Pollard  scribed a provisional order of discipline against my New Jersey nursing license.

(D) Judge Roxann Mann; class action stipulations clearly provide explicit instructions for Excelsior College administration prohibiting members of the class from making disparaging remarks  and/or retaliating against class action members "Castellaw v Excelsior College". 14-cv-01408

(E) That aside, the proof positive conversations through exhibits explain, how both Vermont and New Jersey Boards of Nursing prohibited the plaintiff's educational opportunities protected by civil rights laws, following attempted to cause further financial harm when they attempted to suspend and or revoke the plaintiffs New Jersey nursing license while contacting and attempting to implement other state boards (ie.) Pennsylvania.  Brown v Board of Education

(F) Mary Lee Pollard and et. al further denied the civil rights of the plaintiff by encouraging Vermont and New Jersey state boards from allowing entrance to sit for the NCLEX-RN exam. And yet,  Mary Lee Pollard's office provided evidence of RN Theory Completion. (2014); despite evidence to the contrary of their remarks the institutions continued to release my education records against my knowledge and/ or expressed consent while denying access to the examination.

(G) Spring 2017, I applied for endorsement of Pennsylvania license to New Jersey the following institutions were provided. Rowan @ Gloucester County College and Southern New Hampshire University. At no time was Excelsior College offered or entered onto my application.

(H) March 2018, Donna Kerscher an Excelsior College representative provided Vermont Board of Nursing with proof of RN Theory Completion. Regardless of Mrs. Pollard's departmental release of education completion. She continued through fluid scribed attacks against the Plaintiff call and scribe fraudulent documentation.

(I) Ms. Jolly is a minority over the age of 40; protected class defined by US constitutional law. Therefore, because of the above mentioned incidents my name and character was defamed while, I was denied employment opportunities in New Jersey also, denied financial opportunities.

(J)  For these reasons alone, there are no disputes of "Material of Fact" The plaintiff
    should be awarded punitive damages.

## TABLE OF CONTENTS

Table of Authorities ................................................................................... iv

Introduction ...............................................................................................1

Declaratory Judgment ...............................................................................3

Background...............................................................................................3

1.  Early Regulation: Concerns about Pennsylvania Courts and Parental
    Rights.................................................................................3
2.  Historical Components of Hate Crimes: Foretold as history through modern era
    how non-minorities have utilized the KKK- now 911 services to intimate, Fear or
    otherwise have persons of color injured or killed.
3.  Pennsylvania State Statue Reputation.................................................5
4.  Pennsylvania Scrutiny Parents Rights.................................................8

    Questions Involved ...............................................................10

    Statement of Undisputed Material Facts ........................................11

    Argument ...........................................................................13

        1.  Plaintiffs' Constitutional Merit...........................................18
        2.  Plaintiffs' Due Process Claim.............................................19
        3.  Hate Crimes; Racial Bias ripe for judicial intervention........20

PENNSYLVANIA COURTS AND PARENTAL RIGHTS

A review of Pennsylvania cases reveals that Pennsylvania's guarantee to the right to acquire, possess and protect reputation can have tangible positive consequences for the individual.  As Chief Justice Saylor has explained, "[w]while reputational harm in isolation may appear abstract, such injury can be the occasion for more concrete harms such as termination from employment, loss of opportunity, or adverse actions in relation to custody or visitation rights."  Schanne v. Addis, 121 A.3d 942, 946 n. 1 (Pa. 2015).

As a fundamental right that the Pennsylvania Constitution protects, a claim that a state law or regulation infringes on the right to reputation triggers strict scrutiny. Pennsylvania Bar Ass'n v. Com., 607 A.2d at 857 ("where the right affected is fundamental, . . . strict judicial scrutiny is applied").  Strict scrutiny requires that a statute which restricts a fundamental right must be justified by a compelling state interest and be narrowly drawn to express only the legitimate state interests at stake. A law or regulation is not narrowly tailored where a less restrictive alternative to accomplish the state's goal is available.  Whether law or regulation is narrowly tailored also depends "on whether the state's intrusion will affect its purpose; for if the intrusion does not affect the state's purpose, it is a gratuitous intrusion, not a purposeful one." Stenger v. Lehigh Valley Hosp. Center, 609 A.2d 796, 802 (Pa. 1992).


Article I, Section 1 of the Pennsylvania Constitution designates the right to reputation as an inherent and indefeasible right:

All men are born equally free and independent and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

No similar protection of the right to reputation can be found in the U.S. Constitution – a point that the U.S. Supreme Court has made clear, and that the Pennsylvania

Supreme Court has highlighted. In R. v. Dept. of Pub. Welfare, 636 A. 2d 142, 148-149 (Pa. 1994), in the context of a challenge to an agency's refusal to expunge a father's record of child abuse, the court explained.

Pennsylvania's constitutional protection of reputation also has impacts on the law of defamation. As the Supreme Court has stated: "Pennsylvania law closely guards the ability of a person whose reputation has been injured by defamatory statements to obtain redress for such injury" because the Constitution "places reputational interests on the highest plane, that is, on the same level as those pertaining to life, liberty, and property." Schanne, 121 A.3d at 946. In Schanne, the court granted the Third Circuit's petition for certification in a defamation case to answer the question whether, under Pennsylvania law, the judicial privilege extends to an allegation a former student made concerning a school teacher, where the allegation was made before quasi-judicial proceedings were commenced and without any intent that it lead to such proceedings. Although most courts have long interpreted the judicial privilege so as to be near absolute, the Pennsylvania Supreme Court limited the privilege under the facts presented because of the high degree of deference it accords to reputational interests.

Pennsylvania's constitutional protection of the right of reputation has been a powerful theory to protect individuals in the past. It is positioned to be an even more useful basis in the COMMISSION
present environment to protect individuals from unnecessary authorized or unauthorized public release of information that could damage an individual's reputation.

QUESTIONS INVOLVED:

- Whether this Court has subject matter jurisdiction over this dispute where an adequate remedy exists at law, and Plaintiffs are actually seeking a writ of mandamus.

- Whether the Complaint should be awarded because plaintiff is seeking an advisory opinion and declaratory relief and punitive

[1]

# ORDER AND JUDGMENT

The Court has before it plaintiff Motion for Default Declarative Judgment plaintiff's verified complaint, an original summons, and all attachments thereto were served on defendant on June 10, 2019. Plaintiff filed its motion Declarative judgment on June 10, 2019.Plaintiff seeks (1) certain declaratory and injunctive relief; seeks (1) an order compelling defendant to pay $450,000 in satisfaction of punitive and actual damages. [2]

ORDERED that Plaintiff Motion for Declaratory Judgment is GRANTED; it is FURTHER

ORDERED that the Court DECLARES that defendant violated the Plaintiffs Civil Rights

42 Title Section 1983 of the Civil Rights "ACTS" pursuant to 18 U.S. Code § 249 –FAMILY

EDUCATION RIGHTS & PRIVACY ACT. FURTHER ORDERED that the defendant shall

pay the $100,000 punitive and actual damages imposed by Excelsior College FURTHER

ORDERED that this Court retains jurisdiction over any matter pertaining to this

judgment, and it is

FURTHER ORDERED that this case is GRANTED

SO ORDERED. _____

Date: _____

_____

[1]

[2] Plaintiff's proposed order or judgment, attached to its motion for entry of default 1 judgment, suggests that the plaintiff is seeking an award of costs as well. The Court will not address that request as plaintiff's complaint makes no mention of it and the plaintiff has offered the Court no guidance for calculating such an award.

US District Court
**Northern District of** New York
James T. Foley U.S. Courthouse
Suite 509
445 Broadway
Albany, NY 12207

Re: Jolly v Excelsior College
Case Number 14-cv-01408 New York Southern District
Case Number 19-cv-2497 Pennsylvania
Case Number 1:2019-cv-01317 New York

Dear Honorable D. Brooks Smith, Chief Judge

My name is Maketa "Keta" Jolly and I filed a Declarative Injunction in
Philadelphia,Pennsylvania against Mary Lee Pollard; an Excelsior College representative.  Since
the spiral spins out of control  justice hasn't prevailed in this matter.

Excelsior College was sued  twice in the Eastern District Court of New York Castellaw v
Excelsior College. At which time, settlements were made to class litigants for damages
sustained secondary to the colleges practices. Many of these claims were directly involving
their Clinical Performance Focus Examination. In which, nursing students attend a two day
clinical at a hospital to determine nursing competency.

That aside, my claims were separate from the above listed paragraph. I applied and attended
Excelsior College in or about 2014. At which time, I received a general nursing theory
education. Albeit, I did not attend their CPNE exam. My current claims are independent of the
above ongoing litigation.

Judge Roxann Mann presided over the case in which specific stipulations were given to
Excelsior College representatives to include implailing the reputation(s) of class litigants. On or
about August 15, 2018, Mary Lee Pollard an Excelsior representative wrote a letter to all boards
of nursing and outlying Islands stating that I was misrepresenting myself as an Excelsior
Graduate. However, the information she provided to state boards of nursing were  false.

Although there was no intention/malicious or nefarious conduct in which I described myself as a graduate of Excelsior College. Mrs. Pollard continued with malicious conduct when contacted Vermont Board of Nursing she requested evidence to provide to New Jersey Board of Nursing. Following Vermont Board of Nursing faxed a private letter scribed to S. Lauren Hibbert Executive Director of the Vermont Board of Nursing. By which is protected by the Family Education Privacy Act, & Privacy Rights. Furthermore, violating the Electronic Communications Privacy Act.

These actions directly and indirectly affected my New Jersey nursing license.  In which through and by Mrs. Pollard's misrepresentations and false assertions caused my New Jersey Nursing Licence to be struck with a Provisional Order of Discipline and a five thousand dollar fine. And yet, Mrs. Pollard attempted to smear or defame my character and reputation by attempting to procure an alternative outcome other than what the court ordered.

Her blatant disregard for the court's fidnings speaks miles to her commitment of fidelity to the court's stipulation decree.

Magistrate Judge Joel Harvey Slomsky presided over the case in Philadelphia were he did not absolved Mrs. Pollard from her actions while submitting the request to your chambers for review and consideration. Following, Mr. Slomsky filed an internal transfer to your chambers were this matter has died while not receiving judicial consideration. (May 2019)

Please see the attached copies of Philadelphia's findings while I ask your court to preside over this matter post haste. It is strongly believed that justice should prevail.

Kind regards,

Makeda S Jolly M.Ed

M. Jolly PRA 52019_Redacted.pdf

Open with

████████████████████████████████████████

# )cuments

**Document Name**

attachments

# :CENSE DETAILS

:nse Name
:istered Nurse

# PPLICANT INFORMATION

t name
Jolly
First Name
Maketa
Middle name
S
Email
.......@gmail.com
Date of birth

Preferred phone #
(610) 334-4375
Additional phone #
6103581948
Social security #**Required**

████████████

# ADDRESS DETAILS

**Address typeRequired**
**Mailing**

**Address typeRequired**
**Physical/911**

08/27/2018 11:38 AM          14154847066              + 18028282484                                    □ 1

# Fax *sent via hellofax.com*

**From**
Maketa S Jolly

**To**
Vermont Board of Nursing

**Number of pages**
4

**Message**

.

.

© 08/27/2018 11:38 AM          14154847068          → 18026282484          □ 2

**CEASE AND DESIST**
August 27, 2018
By Certified Mail
Mrs. Mary Lee Pollard
7 Columbia Circle
Albany, Ny 12203

RECEIVED

AUG 2 7 2018

Secretary of State
Professional Regulation

Dear Mrs Pollard:

**YOU ARE HEREBY DIRECTED TO CEASE AND DESIST ALL FALSE
ACCUSATIONS COMMUNICATED TO DOMESTIC AND INTERNATIONAL
NURSING BOARDS DUE TO PREVIOUS LITIGATION CASTELLAW VS
EXCELSIOR COLLEGE. RETALIATIONS AGAINST MAKETA S JOLLY LPN, BA
IS PROHIBITED FURTHERMORE DEFAMATION AND SLANDER IS ILLEGAL
AS SUCH; SHOULD THIS BEHAVIOR CONTINUE ALL LEGAL REMEDIES WILL
BE SOUGHT IN THIS MATTER.** If you are represented by legal counsel,
please direct this letter to your attorney immediately and have your attorney
notify me directly of such representation.

**You are hereby directed to:**

**CEASE AND DESIST ALL DEFAMATION OF**
Maketa S Jolly LPN, BA CHARACTER AND REPUTATION.
Maketa is an educated, respected professional in her community. She has
spent years serving the community in her profession and building a positive
reputation. I´ve learned through correspondence with your Dean of Nursing
Mary Lee Pollard that Excelsior College in conjunction with Vermont Board
of Nursing has engaged in spreading false, destructive, and defamatory
accusations in reference to Ms. Jollys educational background to numerous
domestic and international boards of nursing.

Under Pennsylvania law, it is unlawful to engage in defamation of another's
character and reputation. Defamation consists of
(1) a statement that tends to injure reputation;

⊕ 08/27/2018 11:38 AM          14154847068          → 19028282484                    □ 3

(2) communicated to another; and
(3) that the speaker knew or should have known was false.

Your defamatory statements involved contacting the international and domestic nursing boards, defaming Ms. Jollys name and character stating. " Ms. Jolly was attempting to pass herself off as a Excelsior College graduate ADN program". As such; these claims are completely inaccurate and baseless.

Accordingly, I demand that you (A) immediately cease and desist your unlawful defamation of Maketa S. Jolly LPN, BA and (B) provide us with prompt written assurance within ten (10) days that you will cease and desist from further defamation of Maketa S Jollys character and reputation. Also, correct any previous notifications/assertions Excelsior College has made regarding Mrs. Jollys educational abilities.

If you do not comply with this cease and desist demand within this time period, Maketa S Jolly is entitled to seek monetary damages and equitable relief for your defamation. In the event you fail to meet this demand, please be advised that I will pursue all available legal remedies, including seeking monetary damages, injunctive relief, and an order that you pay court costs and attorney's fees. Your liability and exposure under such legal action could be considerable.

Before taking these steps, however, Im requesting you immediate correct any board actions or any other communications sent via electronic or through mail with the enclosed name attached whereto, again damages will be pursued, This notice serves as your final opportunity to discontinue your illegal conduct by complying with this demand within ten (10) days.

Maketa S Jolly
42 Kingston Terrace
Aston, PA 19014
610-334-4375
keta814@gmail.com



EXCELSIOR
COLLEGE

August 15, 2018

Maketa S. Jolly
119 Knollwood Ct.
Aston, PA  19014-1259

ID #30399983

Re:  Cease and Desist Misrepresentations on State Licensure Applications

Dear Ms. Jolly:

I write to express Excelsior College's concern regarding your misrepresentation that you are a graduate of the Excelsior College Associate Degree Nursing ("ADN") Program on applications for RN licensure submitted to multiple Boards of Nursing.  For example, the Executive Director of the Vermont Board of Nursing (Vermont BON) recently informed me that you filed an application for RN licensure with the Vermont BON and stated on your application that you are a graduate of Excelsior College. It has also come to Excelsior College's attention that you have made this misrepresentation to other State Boards of Nursing, including the State of Pennsylvania and others.

Excelsior College's State Boards Office has informed you on multiple occasions that it cannot submit documents verifying that you are a graduate of the ADN Program because you are not a graduate of the Excelsior College School of Nursing.

I have filed a complaint of professional misconduct with the Vermont BON and I will be notifying every Board of Nursing in the United States and U.S. Territories that you are not a graduate of the Excelsior College School of Nursing.

I also take this opportunity to suggest that you review the Vermont BON and the Pennsylvania BON Rules and Regulations governing LPN practice, specifically VT Section 1582 and PA Section 16 (a) numbers 1 and 3.

Please cease and desist from making the misrepresentation that you are a graduate of our ADN Program. Your continued misrepresentation that you are a graduate of a RN program while seeking RN licensure may place your LPN license at risk.

Sincerely,

Mary Lee Pollard

Mary Lee Pollard, PhD, RN, CNE
Dean, School of Nursing

**Vermont Registered Nurse Verification of Education Form - Page 2**

Last Name _Jolly_ First Name _Maketa_ MI_____

### Summary of Theoretical Education and Clinical Practice Hours

- This information must be listed in hours **NOT** credits.
- If it was an integrated nursing program you must break out the hours for each course listed below.

| Clinical Area of Practice | Theory Hours | Course/Subject Title/Number (REQUIRED) | Clinical Hours | Course/Subject Title/Number (REQUIRED) |
|---|---|---|---|---|
| Adult Nursing | | | | |
| Maternal/Infant Nursing | | | | |
| Psychiatric/Mental Health Nursing | | | | |
| Pediatric Nursing | | | | |

- The following courses can not be combined through integrated coursework.

| Support Courses | Theory Hours | Course/Subject Title/Number (REQUIRED) |
|---|---|---|
| Anatomy and Physiology I<br>Anat PT I | 4<br>4 | Bio 105 A+P<br>Bio 106 A+P |
| Microbiology | 4 | Bio 215 Micro |
| Humanities | 3<br>3 | French<br>English Survey of Amer Hist Lt<br>Art Appreciation Co |
| Social/Behavioral Science | 3<br>3<br>3 | Soc — Human Behavior<br>Pol Political Science<br>Soc 101 Sociology of the Family |

| Was the language of Instruction and textbooks for the nursing program taught in English? | YES | NO |
|---|---|---|

| Print Name | Bob Theurer | Date | 2/13/19 | |
|---|---|---|---|---|
| Position/Title | Team Coordinator | Telephone | 856-405-5606971 ext | Official School Seal/Stamp |
| | | Email | r-theurer.Coll.yc.edu | |
| Signature of Dean/Director | | | | |

Return to: Vermont Board of Nursing, 89 Main St, 3rd Floor, Montpelier, VT 05620-3402


EXCELSIOR
COLLEGE

June 13, 2018

Vermont Board of Nursing
89 Main Street
Third Floor
Montpelier, VT 0560-3402

To Whom It May Concern:

Maketa Jolly is requesting that additional information be provided to the application that we
sent on March 23, 2018.

Attached is the curriculum analysis of the nursing education components she completed. This
information was not included on the application for Clinical Area of Practice for the theory
section.

Kind regards,

Donna Kerschner

Donna Kerschner
State Board Coordinator

cc: Maketa Jolly

Enc. Curriculum Analysis

7 Columbia Circle, Albany, NY 12203-5159  |  PHONE: 518.464.8500  |  TOLL FREE: 888.647.2388  |  FAX: 518.464.8777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAROLINE CASTELLAW, CHERYL
CARNES, KATHRYN ROSE, AMANDA
WILSON, HELEN SPOSATO, KACY
MCDONOUGH, SHERRY TAITZ, MARLA
HUBER, JOY MARIE CZAPSKI, DANIEL
QUICK, CHARITY RICHERT, DIANE
RUBENS, KAREN BLANKEN, WANDA
PENNINO, JILLIAN PHELAN, DEBORAH
MCCARVER, DEBRA ALEXANDER,
DONALD WELLS, CELESTE HOBAN,
SIMON RAWSON, ILEANA MARIN,
ROBIN WRIGHT, ZAVIDA BAL, BRENDA
BERTUCCI, LEANN TOGAREPI,
REBECCA BERNER, CHRISTINA FRYE,
MARCIA BROWN, AARON CHILDRESS,
JENNY ST. AUBIN, RHONDA CAIN,
HEIKE BAKER, STACEY DORR, CARMEN
RICHARD-GOULD, LORI SCHIMSCHOCK,
JEFFERY C. SIMPSON, and 39 additional
Plaintiffs, on behalf of themselves and
similarly-situated others,

-against-

REGENTS COLLEGE
d/b/a EXCELSIOR COLLEGE,
                                Defendant.

FELICIA RICHARDSON,

                                Plaintiff,

-against-

EXCELSIOR COLLEGE,
                                Defendant.

**MEMORANDUM &
ORDER**

**14-CV-1048**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 0 9 2015 ★

BROOKLYN OFFICE

**14-CV-4989**

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE CASTELLAW, CHERYL CARNES, KATHRYN ROSE, AMANDA WILSON, HELEN SPOSATO, KACY MCDONOUGH, SHERRY TAITZ, MARLA HUBER, JOY MARIE CZAPSKI, DANIEL QUICK, CHARITY RICHERT, DIANE RUBENS, KAREN BLANKEN, WANDA PENNINO, JILLIAN PHELAN, DEBORAH MCCARVER and DEBORAH ALEXANDER, *ET AL.*, | Civil Action No.: 1:14-CV-01048-JBW-RLM **STIPULATION OF SETTLEMENT** |
| Plaintiffs, | |
| *-against-* | |
| EXCELSIOR COLLEGE, | |
| Defendant. | |

2925510

I.    INTRODUCTION

Subject to Preliminary and Final Approval by the Court, this Stipulation of Settlement ("Stipulation") is entered into by and between Class Representatives, on behalf of themselves individually and the Settlement Class defined below, and Excelsior College ("Excelsior" also referred to as the "College") (collectively the "Parties"). This Stipulation fully and finally resolves in every respect the civil actions filed by Named Plaintiffs individually against Excelsior, including the matter entitled Caroline *Castellaw, et al. v. Excelsior College*, Civil Action Number 1:14-CV-01048-JBW-RLM, and the related actions identified in Exhibit "A" ("the Alleged Class Action").[1]

The Parties participated in a Settlement Conference before Honorable Roanne L. Mann, United States Magistrate Judge for the United States District Court for the Eastern District of New York on January 21, 2015. Judge Mann recommended a proposed settlement and that proposal was accepted by the Parties. This Stipulation sets forth the Parties' agreement to the Court's recommendation.

II.    PURPOSES OF THE STIPULATION OF SETTLEMENT

The Parties have entered into this Stipulation of Settlement for the following purposes:

A.    To resolve all disputes covered by this Stipulation of Settlement in such a way as to avoid further expensive and protracted litigation;

B.    To provide finality to the resolution of all claims and defenses asserted in the Alleged Class Action.

III.    DEFINITIONS

The following terms, when used in this Stipulation of Settlement, in addition to the terms defined elsewhere in the Stipulation, shall have the following meanings:

A.    "Approval Date" means the date upon which the Court signs this Preliminary Approval Order annexed hereto as Exhibit B, after having determined that it is fair, adequate and reasonable to the Class as a whole, after: (i) notice to the Class; (ii) an opportunity to opt-out of the Settlement Class with respect to monetary relief; (iii) an opportunity to submit timely objections to the Stipulation; (iv) appropriate discovery of the specifics of any such timely objections; and (v) a hearing on the fairness of the settlement.

B.    "ADN Program" means Excelsior College's Associate Nursing Degree Program.

C.    "Attorneys' Fees and Expenses" means the amount of attorneys' fees, costs and expenses awarded by the Court to Class Counsel in the Alleged Class Action.

---

[1] The Class Representatives and the respective civil action numbers for each Class Representative are identified in Exhibit "A."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE CASTELLAW, CHERYL CARNES, KATHRYN ROSE, AMANDA WILSON, HELEN SPOSATO, KACY MCDONOUGH, SHERRY TAITZ, MARLA HUBER, JOY MARIE CZAPSKI, DANIEL QUICK, CHARITY RICHERT, DIANE RUBENS, KAREN BLANKEN, WANDA PENNINO, JILLIAN PHELAN, DEBORAH MCCARVER and DEBORAH ALEXANDER, *ET AL.*,<br><br>Plaintiffs,<br><br>-against-<br><br>EXCELSIOR COLLEGE,<br><br>Defendant. | Civil Action No.:<br><br>1:14-CV-01048-JBW-RLM<br><br>**[PROPOSED]**<br>**PRELIMINARY APPROVAL ORDER** |

**WHEREAS**, Plaintiff and Class Representatives set forth in Exhibit "1," on behalf of themselves and the plaintiff class, has moved this Court for an order granting preliminary approval of the Parties' Stipulation of Settlement resolving this class action on a nationwide basis; and

**WHEREAS**, Defendant Excelsior College ("Excelsior") has consented to the filing of the motion and has joined in the request for the relief set forth therein, and

**WHEREAS**, based upon the consented-to motion, supporting memorandum of law, supporting exhibits, and all pleadings and submissions previously filed in this action, the Court finds preliminary approval of the Settlement is warranted;

IT IS HEREBY ORDERED THAT:

1.   The Court certifies, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), a Settlement Class defined as:

> All current or former students of Excelsior College's ADN Nursing Degree Programs ("ADN") who took the Clinical Performance in Nursing Exam ("CPNE") at any time, failed the CPNE, and then paid for and took the CPNE on another occasion during the Class Period and did not pass the CPNE on at least one more occasion during the Class Period.

2.    The Court confirms the appointment of the individuals identified in Exhibit "A", as the Class Representatives of the Settlement Class and the Hermina Law Group as Class Counsel to the Settlement Class.

3.    The Court finds that the proposed Settlement, as set forth in the Parties' Stipulation of Settlement, appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and therefore grants Plaintiffs' consented-to motion for preliminary approval of the proposed Settlement.

4.    The Court approves the form of the proposed Class Notice and Short Form Class Notice, and approves the Parties' proposal for the manner of notifying the Conditional Class Members of the pendency of the class action and the proposed settlement. The Court finds that the Parties' proposal constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Federal Rule of Civil Procedure 23.

5.    The Court approves the Parties' proposed schedule for the dissemination of the Class Notice, requesting exclusion from the Settlement Class, submitting papers in connection with Final Approval and the Final Approval Hearing as follows:

| March 5, 2015 | Court Conference regarding Motion for Preliminary Approval |
|---|---|
| March 5, 2015-March 15, 2015 | Notice Date: Class Notice disseminated by e-mail |
| May 15, 2015 (60 days after Notice Date) | Opt-Out Date: Deadline for Conditional Class Members to opt out of Settlement. |
| June 15, 2015 (90 days after Notice Date) | Claim Form Deadline: Conditional Class Members must return completed Claim Form to Third Party Claims Administrator |
| July 8, 2015 | Deadline for Parties to file submissions in support of Final Approval |
| July 15, 2015 (or as soon thereafter as the Parties may be heard | Final Approval Hearing |

IT IS SO ORDERED.

_____
Hon. Jack B. Weinstein, U.S.D.J.

2925510

**D.** "Best Efforts" means implementing a plan reasonably designed to comply with the specified objectives to which the best efforts are directed.

**E.** "Class Counsel" means

John Hermina
George Hermina
The Hermina Law Group
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
E-mail: law@herminalaw.com
Telephone: (301) 776-2003

**F.** "Class Notice" means the Class Action settlement Notice that shall be sent by postcard and/or electronic mail to Conditional Class Members substantially in the form annexed hereto as Exhibit "C."

**G.** "Class Period" means the period from February 19, 2011 through the Preliminary Approval Date;

**H.** "Conditional Class Member" means and includes each Person who falls within the definition of the Settlement Class without regard to whether that Person validly and timely requests exclusion from the Settlement Class.

**I.** "Class Representatives" means the individuals identified in Exhibit "A."

**J.** "Court" means the Honorable Jack B. Weinstein, District Judge of the United States District Court for the Eastern District of New York, or any other judge to whom the Court may assign authority to act, including the Honorable Roanne L. Mann, Magistrate Judge of the of the United States District Court for the Eastern District of New York.

**K.** "Currently Enrolled Student" means students that are currently enrolled in Excelsior College, and are continuing to pursue an Associate Degree in Nursing from Excelsior.

**L.** "Defense Counsel" means

Joan M. Gilbride
Kaufman Borgeest & Ryan LLP
120 Broadway, 14th Floor
New York, New York 10271
E-mail: jgilbride@kbrlaw.com
Telephone: (212) 980-9600

**M.** "Enhancement Award" means the one-time payment in the amount of two-thousand, five-hundred dollars and zero cents ($2,500), to be approved by the Court, to be issued to each of the Class Representatives for the time, effort, and resources they have put into representing the Settlement Class and prosecuting this Action.

2925510

**W.**   "Released Persons" shall have the meaning as set forth in Section VIII.

**X.**   "Settlement Class" is defined in Section VII of this Stipulation.

**Y.**   "Settlement Class Member" means and includes each person who falls within the definition of the Settlement Class who does not validly and timely request exclusion from the Settlement Class.

**Z.**   "TPA" means the Third Party Claims Administrator retained by Excelsior, subject to approval by class counsel, such approval not to be unreasonably withheld.

**AA.**   "Unlawful Business Practice" refers to any alleged misrepresentation or practice prohibited under the New York State General Business Law.

### IV.   LITIGATION BACKGROUND

On February 19, 2014, seventeen (17) former or current students of Excelsior filed the aforementioned Alleged Class Action, a lawsuit in federal court in the United States District Court for the Eastern District of New York, brought primarily under Section 349 of the New York State General Business Law, asserting complaints of allegedly unlawful misrepresentations by Excelsior.  On April 3, 2014, Plaintiffs file an Amended Complaint.  On July 14, 2014, Plaintiffs filed a Second Amended Complaint.  On October 31, 2014, Plaintiffs filed a Third Amended Complaint.  Several Plaintiffs have filed separate complaints against Excelsior as set forth in Exhibit "A."  The Third Amended Complaint and the related complaints against Excelsior are brought primarily under Section 349 of the New York State General Business Law.

Each of the named plaintiffs in these actions is a Class Representative, identified in Exhibit "A."  There are ninety-eight (98) Class Representatives.

Excelsior answered each and every complaint filed in the Alleged Class Action. Excelsior denies each and every allegation in the Alleged Class Action and by this Stipulation expressly denies any liability or wrongdoing whatsoever.

Prior to filing the Alleged Class Action, Class Counsel conducted an extensive investigation of suspected problem areas, as identified to them by the Class Representatives. The Class Representatives and Class Counsel believe that the extensive investigation conducted by Class Counsel is sufficient to assess adequately the relative strengths and weaknesses of the respective parties' class certification and merits' positions, and to compromise the fundamental issues on a fair and equitable basis, and is in the best interests of the Settlement Class.  As indicated by the signature of Class Counsel and counsel for Excelsior at the end of this document, Class Representatives and Excelsior have consented to the entry of this Stipulation.

2925510

**D.** **Entry of Judgment**

Upon Final Approval of the Settlement as set forth herein, a Judgment shall be entered dismissing the claims of the Settlement Class Members and Class Representatives *with prejudice*.

**IX.** **OPT-OUT PROCESS**

**A.** Pursuant to the Court's Preliminary Approval of this Stipulation, Settlement Class Members shall be provided an opportunity to opt-out of the monetary relief provisions of this Stipulation by submitting to the Court within sixty (60) days after the Notice Date, a "Request to Opt-out." Each Settlement Class member who properly submits a timely Request to Opt-out, or for any other reason is permitted by the Court to opt-out of the monetary relief provisions of this Stipulation, shall be excluded from all monetary relief provisions hereunder, and from the Release pursuant to Section VIII (A) hereof; all such individuals hereinafter shall be referred to in this Stipulation as a "Timely Opt-out."

**B.** Class Representatives authorized Class Counsel to enter into the settlement and execute this Stipulation of Settlement on their behalf and as such, cannot Opt-out. In the event that any Class Representative attempts to and is allowed by the Court to Opt-out, then Excelsior shall have the unilateral right to abrogate this Stipulation of Settlement, and the settlement underlying it, by delivering notice of such abrogation to Class Counsel and the Court within thirty (30) days following the Court-established deadline for Settlement Class members to submit a timely Request to Opt-out. (This deadline for Excelsior to unilaterally abrogate this Stipulation of Settlement will be extended fifteen (15) days further following the fairness hearing established by the Court if the Court permits any Settlement Class member to be deemed a Timely Opt-out even though that Settlement Class member failed to submit a timely Request to Opt-out). In the event that Excelsior exercises its unilateral right to abrogate this Stipulation of Settlement, if any such right arises, then all aspects of this Stipulation of Settlement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect thereof shall serve either as any legal precedent or as any basis for legal or factual argument, in this or any other case.

**C.** Excelsior shall not be required to pay any sum under this Stipulation of Settlement until, at the earliest; the Opt-out period has expired including any additional time allowed by the Court for such Opt-outs.

**D.**     If 5% or more of the Conditional Class Members opt-out of the settlement, then Excelsior has the option in its sole and unfettered discretion of declaring this Stipulation null and void.

**X.     CAFA NOTICE**

The Parties agree that the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") applies to this Action, which was commenced after the effective date of CAFA. The Parties further agree that Defendant's Counsel shall serve notice of the settlement that meets the requirements of CAFA on the appropriate federal and/or state officials not later than ten (10) days after the filing of this Stipulation with the Court. Excelsior shall file with the Court a certification of the date(s) upon which the CAFA Notice was served.

**XI.     NON-DISPARAGEMENT**

A.     In the event that the Settlement Class, Class Counsel, and/or Class Representatives communicate with any third-party, such communication must be factual and truthful and without disparagement as defined below.

1.     "Disparaging" means any remarks, comments or statements that, directly or indirectly, impugn the character, honesty, integrity or morality or academic or business acumen or abilities in connection with any aspect of the operation of business of the individual or entity being disparaged.

2.     For the purposes of this Stipulation, the term "disparage" or "damage" includes without limitation (i) comments or statements defined in subsection (1) of this Paragraph to the press, or any third-party individual or entity with whom Excelsior has a business relationship which would be adversely affected by such comments or statements; or (ii) comments or statements defined in subsection (1) of this Paragraph to anyone not employed by Excelsior that would adversely affect in any manner the personal or business reputation of Excelsior and/or its trustees, officers, employees, deans, faculty, agents, attorneys, insurers, successors and assigns. The aforesaid limitations shall not apply to any response to any inquiry by, or any communications with, any government, administrative or regulatory body, commission or agency, including accreditation agencies, boards of nursing, education departments, or similar bodies or entities which may have oversight or similar functions as to Excelsior.

3. Nothing in this provision shall prevent Class Representatives from engaging or discussing with Excelsior or its employees, Excelsior's curriculum, Excelsior's activities or anything related to the ongoing operation of Excelsior in the course of the Class

2925510

### List of Class Representatives and
### Civil Action Numbers for Related Cases

| Civil Action No. | Last Name | First |
|---|---|---|
| 14-cv-1048 | Alexander | Debra |
| 14-cv-1048 | Austin | Carol |
| 14-cv-1048 | Baker | Heike |
| 14-cv-1048 | Bai | Zavida |
| 14-cv-1048 | Bataille | Lily |
| 14-cv-1048 | Berner | Rebecca |
| 14-cv-1048 | Bertucci | Brenda |
| 14-cv-1048 | Blanken | Karen |
| 14-cv-1048 | Bolton | Robin |
| 14-cv-1048 | Briones | Anna |
| 14-cv-1048 | Brown | Marcia |
| 14-cv-1048 | Cain | Rhonda |
| 14-cv-1048 | Carnes | Cheryl |
| 14-cv-1048 | Castellaw | Caroline |
| 14-cv-1048 | Cessna | Robbin |
| 14-cv-1048 | Childress | Aaron |
| 14-cv-1048 | Colletti-Huber | Maria |
| 14-cv-1048 | Craig | Christina |
| 14-cv-1048 | Crowley | Oilette |
| 14-cv-1048 | Czapski | Joy Marie |
| 14-cv-1048 | Davis | Charlotte |
| 14-cv-1048 | Dawson | Christi |
| 14-cv-1048 | Dorr | Stacey |
| 14-cv-1048 | Frye | Christina |
| 14-cv-1048 | Giganti | Vincent |
| 14-cv-1048 | Gilmore | Ernest J. |
| 14-cv-1048 | Gombada | Lynelle |
| 14-cv-1048 | Halcovage | William |
| 14-cv-1048 | Hershman | Deborah |
| 14-cv-1048 | Hoban | Celeste |
| 14-cv-1048 | Hurt | Tricia |
| 14-cv-1048 | Hutter | Charlotte |
| 14-cv-1048 | Irby | Kelsay |
| 14-cv-1048 | Johnson | Sharma |
| 14-cv-1048 | Jolly | Maketa |
| 14-cv-1048 | Jones, Jr. | Ray D. |
| 14-cv-1048 | Kemble | Tod |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CAROLINE CASTELLAW, et al.,

                  Plaintiffs,

    - against -

EXCELSIOR COLLEGE,

                  Defendant.
----------------------------------------------------------------X

14-cv-6263(JBW)(RLM)

**DEFENDANT'S COMBINED
RESPONSE TO PLAINTIFFS'
DOCUMENT REQUESTS,
INTERROGATORIES, AND
REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Excelsior College, through the undersigned counsel, hereby responds to Plaintiffs' First Set of Document Requests.

## OBJECTIONS TO THE "INSTRUCTIONS & DEFINITIONS" PROVIDED BY PLANTIFFS

Defendant objects to the extent any portion of the "Instructions" purports to expand or alter any of its obligations under the Federal Rules of Civil Procedure and/or the Local Rules (e.g. - instruction no. 2). Defendant will disregard any such instruction and will both construe and respond to these requests as directed by the Federal and Local Rules.

Defendant objects to the extent any terms listed under the "Definitions" heading in Plaintiffs' First Set of Document Requests are defined more broadly therein than they are defined in the Federal Rules of Civil Procedure and/or Local Rule 26.3, and will construe any such terms in accordance with the Federal and Local Rules.

Defendant will respond and object to each of Plaintiffs' requests with specificity as required by the Federal Rules of Civil Procedure; however, the requests served by Plaintiffs on December 5, 2018 are outside of the scope of the Court's express directions at the November 28, 2018 Telephone Conference regarding the limited scope of issue in Plaintiffs' motion to set aside the Stipulation of Settlement. At the conference, Plaintiffs' counsel requested to propound twenty (20) interrogatories, twenty (20) document requests, and twenty (20) requests for

Plaintiffs to the documents produced in response to Plaintiffs' Request for Documents. Defendant states that additional responsive documents exist, but are being withheld on the grounds of the foregoing objections.

**REQUEST NO. 2:**

All communications relating to the calculation of the subject CPNE representation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**

Defendant objects to Document Request No. 2 as overbroad and disproportionate to the narrow needs of this case as the documents sought are not relevant and do not bear on whether Depiction One is in compliance with the directive that Excelsior must fully, accurately, and promptly provide information to students regarding the passage rates for the CPNE. Defendant further objects to this request insofar as it purports to challenge the veracity of the data underlying Depiction One. Defendant further objects to this request as unduly burdensome because to the extent that it implicates all communications regarding the all of the data underlying Depiction One, which includes 6,640 student files, test results, and any communications regarding same over the span of approximately five years. Defendant objects to this request to the extent it implicates data, information, documents, and/or communications which are protected by the attorney-client privilege. Defendant further objects to this request to the extent it implicates data, information, documents, and/or information which is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA) insofar as it contains private information obtained exclusively from non-party students' individual files and/or documents contained therein, e.g., CPNE test results. Notwithstanding, and without waiving or limiting these objections, Defendant refers Plaintiffs to the documents produced in response to Plaintiffs' Request for Documents. Defendant states that additional responsive documents exist, but are being withheld on the grounds of the foregoing objections.

**REQUEST NO. 3:**

All communications relating to the editing of the subject CPNE representation.

3

promptly provide information to students regarding the passage rates for the CPNE. Defendant further objects to this request insofar as it purports to challenge the veracity of the data underlying Depiction One. Defendant further objects to this request as unduly burdensome because it necessarily implicates all communications regarding the all of the data underlying Depiction One, which includes 6,640 student files, test results, and any communications regarding same over the span of approximately five years. Defendant objects to this request to the extent it implicates data, information, documents, and/or communications which are protected by the attorney-client privilege. Defendant further objects to this request to the extent it implicates data, information, documents, and/or information which is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA) insofar as it contains private information obtained exclusively from non-party students' individual files and/or documents contained therein, e.g., CPNE test results. Notwithstanding, and without waiving or limiting these objections, Defendant refers Plaintiffs to the documents produced in response to Plaintiffs' Request for Documents. Defendant states that additional responsive documents exist, but are being withheld on the grounds of the foregoing objections.

## REQUEST NO. 7:

All remedy tickets relating to postings, including the one presently at issue from July 1, 2015 through the present.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 7:

Defendant objects to Document Request No. 7 on the grounds that Plaintiffs' terminology "remedy tickets" is vague and ambiguous. The term "remedy ticket" is not defined by Counsel. Defendant further objects to this request as overbroad and disproportionate to the narrow needs of this case as the documents sought are not relevant and do not bear on whether Depiction One is in compliance with the directive that Excelsior must fully, accurately, and promptly provide information to students regarding the passage rates for the CPNE. Notwithstanding, and without waiving or limiting these objections, Defendant understands the term "remedy

6

DEC 0 6 2018

N.J. BOARD OF NURSING

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
Attorney for the State Board of Nursing

By:  Vanessa L. Coleman
     Deputy Attorney General
     (973) 648-3808

                          STATE OF NEW JERSEY
                          DEPARTMENT OF LAW & PUBLIC SAFETY
                          DIVISION OF CONSUMER AFFAIRS
                          BOARD OF NURSING

| | |
|---|---|
| IN THE MATTER OF THE LICENSE OF | Administrative Action |
| | ☑ **PROVISIONAL ORDER** **OF DISCIPLINE** |
| **Maketa Jolly** **License #26NP07596100** | ☐ **FINAL ORDER** **OF DISCIPLINE** (Finalized by default on _____) |
| TO PRACTICE NURSING IN THE STATE OF NEW JERSEY | |

This matter was opened to the New Jersey State Board of
Nursing ("Board") upon receipt of information which the Board
has reviewed and upon which the following preliminary findings
of fact and conclusions of law are made:

### FINDINGS OF FACT

1.   Maketa Jolly ("Respondent") is a Licensed Practical
Nurse (LPN) in the State of New Jersey and has been a licensee

at all times relevant hereto. Her current licensure status is active. (Exhibit A; licensure information).

2. On May 9, 2017, Respondent was licensed in New Jersey as a Registered Nurse (RN) in error. Respondent remained licensed as an RN until the error was discovered when the Pennsylvania Board of Nursing contacted the New Jersey Board of Nursing to verify her NJ license as a result of having received Respondent's application for an RN license in Pennsylvania. (Exhibit B; Nursys Speed Memos for New Jersey).

3. On December 6, 2017, Respondent's NJ RN license was made null and void. (Exhibit C; licensure information). On the same day, she was issued an LPN license. Respondent was contacted and instructed to return the RN license. Respondent returned the wallet size copy of her RN license on January 10, 2018, but not the wall certificate.

4. On July 31, 2018, the Board of Nursing was informed that Respondent had attempted to obtain an RN license in Vermont. Respondent advised the Vermont Board of Nursing that she graduated from Excelsior College's School of Nursing with an associate degree from the registered nurse program in 2014. (Exhibit D; Respondent's letter regarding Vermont application).

5. On August 15, 2018, a representative from Excelsior College confirmed that Respondent had attended the Excelsior

College, but did not graduate. This representative also advised that multiple State Boards of Nursing had recently contacted Excelsior College regarding Respondent's education. (Exhibit E; Excelsior College letter).

6. On August 24, 2018, the Board obtained information indicating that Respondent in May 2017, immediately after she was licensed in error as an RN, sought and obtained employment as an RN at Arista Care at Cherry Hill. Respondent worked as an RN at Arista Care at Cherry Hill through November 2017. (Exhibit F; employment application and payroll information).

### CONCLUSIONS OF LAW

The Board finds that Respondent engaged in the use or employment of dishonesty, fraud, deception, or misrepresentation in contravention of N.J.S.A. 45:1-21(b) by falsely stating that she had graduated from Excelsior College's Registered Nurse program in 2014.

Pursuant to N.J.S.A. 45:11-26, a professional nurse must completed a course of professional nursing study in an accredited school of professional nursing as defined by the Board and hold a diploma therefrom to obtain licensure as an RN.

Respondent engaged in the practice of nursing as an RN without the requisite education and skill which constitutes professional misconduct, in violation of N.J.S.A. 45:1-21 (e)