UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAKETA S. JOLLY,

                            Plaintiff

        -v-                                          1:19-CV-1317

EXCELSIOR COLLEGE,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

MAKETA S. JOLLY
Plaintiff *pro se*
42 Kingston Terrace
Aston, Pennsylvania 19014

KAUFMAN BORGEEST & RYAN, LLP              LAURA B. JUFFA, ESQ.
Attorneys for defendant
120 Broadway 14th Floor
New York, New York 10271

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

On May 21, 2019, plaintiff Maketa Jolly ("Jolly" or "plaintiff") filed a 115-page complaint in the Eastern District of Pennsylvania alleging that three defendants, among them Excelsior College ("Excelsior" or "defendant") interfered with her ability to become a Registered Nurse ("RN") by disclosing to nursing boards across the country that she did not graduate from defendant's RN program.  On May 24, 2019, United States Magistrate Judge Joel H. Slomsky streamlined the complaint such that only defendant remained, and only six claims remained against it:  (I) disclosure of personal information; (II) violation of 18 U.S.C. § 242; (III) § 1985 conspiracy; (IV and VI) Title VII claims; and (V) breach of attorney-client privilege.  In the

same opinion, Magistrate Judge Slomsky found venue improper in the Eastern District of

Pennsylvania and transferred the complaint to the Northern District of New York.

Upon the complaint's arrival here, Jolly encountered some difficulties in properly

serving Excelsior.  Nevertheless, on March 4, 2020, defendant executed a waiver of service.

On April 14, 2020, defendant requested and received an extension of the deadline to either

respond to plaintiff's claim or else to move to dismiss under Federal Rule of Civil Procedure

("Rule") 12.  On May 11, 2020, defendant's last day to respond to the complaint or make a

Rule 12 motion, defendant moved to dismiss plaintiff's complaint in its entirety under Rule

12(b)(6).

That motion was fully briefed by both parties, and granted on June 12, 2020 ("the June

12 decision"), dismissing the entirety of Jolly's complaint with prejudice.  *Jolly v. Excelsior*

*College*, 2020 WL 3128535 (N.D.N.Y. June 12, 2020).  On June 15, 2020, Jolly promptly

moved the Court to reconsider that decision under Local Rule of the Northern District of New

York ("Local Rule") 7.1(g), to alter or amend the judgment under Rule 59(e), and to relieve

her from the June 12 decision's final judgment under Rule 60(b) on June 15, 2020.  That

motion having been fully briefed, it will now be considered on the basis of the parties'

submissions without oral argument.

A movant faces a "strict" standard in attempting to prevail on a motion for

reconsideration.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  After all,

these motions are not intended to allow a party a rehearing on the merits where they can levy

facts and arguments that were available to them from the outset but that they did not

advance.  *See id.*  As such, motions for reconsideration are an "extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources."

*Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

Thus, a prior ruling will only be reconsidered and vacated if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

Jolly's motion for reconsideration marshals several attacks on the June 12 decision. First, plaintiff argues that Excelsior's motion to dismiss was untimely and therefore improperly granted. As noted above, defendant's deadline to respond to the complaint or move to dismiss it was extended until May 11, 2020, the date upon which defendant moved. The motion was therefore timely.

Second, Jolly argues that the June 12 decision improperly reconsidered arguments already found wanting by Magistrate Judge Slomsky, as evidenced by his declining to dismiss Excelsior from the case. But the June 12 decision already addressed that concern, and noted that Magistrate Judge Slomsky's review was not the same as deciding defendant's Rule 12 motion. *Jolly*, 2020 WL 3128535, at *3 n.3. Plaintiff's contention on this score is thus also meritless.

Third, Jolly contends that the Court failed to consider her civil rights claims, including an argued claim under 42 U.S.C. § 1983, in disposing of her complaint. At the outset, neither Magistrate Judge Slomsky nor Excelsior were able to divine a § 1983 claim from the complaint, and plaintiff failed to correct either of them. Of course, plaintiff is due some latitude as a *pro se* litigant, but if she can object to the Court's inability to read a viable § 1983 claim now, she just as easily could have, and by extension should have, objected to defendant's and Magistrate Judge Slomsky's similar readings of the complaint.

3

In any case, even bending over backwards to read a § 1983 claim into the complaint, that claim would have been dismissed with prejudice as plainly meritless in any event. Section 1983 requires Jolly to prove that "a person acting under color of any state statute, regulation, custom or usage deprived" her of a constitutional right, but nowhere in the complaint does she allege that Excelsior acted with any state authority. *Barrett v. Harwood*, 189 F.3d 297, 301 (2d Cir. 1999) (noting that § 1983 claims require state action by defendant).

Of course, Jolly could perhaps have amended the complaint to allege that Excelsior is a state school and thus invested with state authority.[1]  But even then, plaintiff would have to bring claims not against defendant, but some individual employee of defendant acting in her individual capacity, or else her claim would similarly need to be dismissed because defendant is an arm of the state, and therefore protected from suit by the Eleventh Amendment.  *See, e.g.*, *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (noting that state universities are "an integral part of the government of the State" and entitled to Eleventh Amendment immunity).  Perhaps plaintiff's § 1983 claims against defendant could thus be substituted as against Mary Lee Pollard, defendant's Dean of Nursing, in her individual capacity.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (holding that state officials may be sued in their individual capacity).

However, even going so far as to assume that Jolly could plead that Pollard was a state official acting in her individual capacity in denying her from becoming an RN, she still could not salvage a § 1983 claim.  The closest her complaint comes to alleging a constitutional violation would be a procedural due process claim under the Fourteenth

---

[1] Although the Court will not take judicial notice of the fact to belabor the point against a *pro se* litigant, defendant is a private school, and thus plaintiff could not possibly have hoped to amend her complaint to allege state action.  EXCELSIOR COLLEGE, ABOUT EXCELSIOR COLLEGE https://www.excelsior.edu/about/ (last visited July 1, 2020) (noting that defendant has been a private institution since April 1998).

Amendment.  *See Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005).  To stake out a viable due process claim, plaintiff would have to establish either a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment, and that existing state procedures designed to protect her liberty and property interest from unwarranted interruption are constitutionally inadequate.  *See id.*

Jolly might have been able to argue that her right to become an RN was a property interest worthy of due process protection, were it not required that a plaintiff asserting a due process claim demonstrate a legitimate entitlement to the property interest she seeks to protect.  *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 447-48 (2d Cir. 1980) (evaluating plaintiff's legitimate entitlement to continued employment as dispositive of plaintiff's due process claim).

As discussed in the June 12 decision, Jolly included in her complaint a disciplinary hearing before the New Jersey Board of Nursing at which she did not contest that she was not entitled to become an RN, because she did not graduate from Excelsior's RN program.  *Jolly*, 2020 WL 3128535, at *1-2.  In other words, either her graduation from defendant's program was necessary to her becoming an RN, in which case plaintiff cannot demonstrate legitimate entitlement based on the face of the complaint, or else her graduation is not necessary, in which case defendant's telling boards of nursing that she did not graduate did not impact her interest in becoming an RN at all.  In neither case can plaintiff hope to assemble a plausible § 1983 claim, and thus to whatever extent her complaint could be read to state one, the complaint was nevertheless properly dismissed.

Fourth and finally, Jolly argues that she was not given a fair opportunity to be heard, because some discovery matters were addressed before she could respond, and because she was not permitted oral argument before the issuance of the June 12 decision.  As to the

first point, as Excelsior notes, United States Magistrate Judge Thérèse Wiley Dancks ruled on the discovery matters in plaintiff's favor.  As to the second, oral argument on motions is a rare practice, and plaintiff was informed on June 9, 2020 that her motion would be taken on submitted papers only.  Moreover, plaintiff filed a response in opposition to defendant's motion, which was duly considered.  Accordingly, plaintiff was not denied a fair opportunity to be heard, and that argument cannot support reconsideration of the June 12 decision.

In summary, upon close review of Jolly's complaint and the June 12 decision, the decision must stand.  None of plaintiff's claims rested upon a viable legal framework, except for her § 1985 and Title VII claims, the latter of which was clearly improper because of a lack of any employer-employee relationship between plaintiff and Excelsior to sustain it.  As for plaintiff's § 1985 claim, the complaint only advanced a conclusory allegation of a racially-motivated conspiracy, with no plausible allegations of either racial animus or Excelsior's joining any conspiracy if one existed.  Accordingly, plaintiff's motion for reconsideration under Local Rule 7.1(g) must be denied as meritless.

Similarly, Jolly's motions under Rules 59(e) and 60 must also be denied.  As discussed above in resolving plaintiff's Local Rule 7.1(g) motion, she does not point to any "clear error of law" or "manifest injustice" that requires amendment to the judgment in this case under Rule 59(e).  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).  Nor do any of her arguments demonstrate a (1) mistake; (2) piece of newly discovered evidence; (3) fraud; (4) void portion of the judgment; or (5) satisfaction of the judgment to merit relief under Rule 60(b).  Plaintiff's motion for reconsideration is thus entirely meritless and must be denied. Her only recourse now is on appeal.

Therefore, it is

ORDERED THAT

6

Jolly's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  July 2, 2020
          Utica, New York.

David N. Hurd
U.S. District Judge